IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **HAROLD ALLEN VAUGHN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:23-cv-01036-STA-jay |
| ) | |
| **ZAC POUNDS,** ) | |
| ) | |
| Respondent. ) | |

ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION
AND
DIRECTING CLERK TO MODIFY RESPONDENT AND SEND FORM

Petitioner Harold Allen Vaughn has filed a *pro se* habeas corpus petition (the Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Petition is before the Court for preliminary review. *See Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rules"), Rule 4.

A § 2254 petition "must substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule." Habeas Rule 2(d). This district uses the form promulgated by the Administrative Office of the United States Courts. Petitioner did not use the official form, and, thus, did not provide certain information relevant to preliminary review.

Therefore, Petitioner is **ORDERED** to file an amended petition on the official form within twenty-eight (28) days of the entry date of this order. Petitioner shall, in the spaces provided on the form, state briefly the ground or grounds for relief and the supporting facts. Petitioner shall not incorporate by reference any documents or briefs. If Petitioner needs additional time to comply

with this order, he may file a motion seeking an extension of time on or before the due date for his submission.

Failure to comply with any requirement of this order in a timely manner will, without further notice, result in dismissal of this action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Petitioner the official § 2254 habeas corpus form.[1]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 16, 2023

---

[1] The Clerk is **FURTHER DIRECTED** to modify the docket to reflect Zac Pounds as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).