IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| HAROLD ALLEN VAUGHN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01036-STA-jay |
| ) | |
| ZAC POUNDS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL
AND DIRECTING RESPONDENT TO FILE RECORD
AND RESPOND TO AMENDED 28 U.S.C. § 2254 PETITION**

Petitioner Harold Allen Vaughn, Tennessee Department of Correction prisoner number 557418, an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1.) On preliminary review of the petition, the Court ordered Petitioner to file an amended petition on the district's official § 2254 form. (ECF No. 7.) Petitioner filed his amended § 2254 petition on August 4, 2023. (ECF No. 11.) He filed a motion to appoint counsel on September 29, 2023. (ECF No. 12.)

The Sixth Amendment right to the appointment of counsel in criminal cases "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Prisoners do not have a constitutional right to counsel when mounting collateral attacks on their convictions. *Id.* "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see* 18 U.S.C. § 3006A(a)(2)(B) (stating that

counsel may be appointed for persons seeking relief under § 2254 who are financially eligible whenever the court determines "that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. *See* Habeas Rule 8(c). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The Court is not persuaded that appointment of counsel would be in the interest of justice at this time. Pro se prisoners routinely file and litigate § 2254 petitions, and Petitioner has made no showing that his case is factually or legally complex or unusual. Appointment of counsel is therefore **DENIED**. If a hearing is required, counsel will be appointed to represent Petitioner without the filing of a motion.

As to Petitioner's amended § 2254 petition, it is **ORDERED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), that Respondent file a response/answer to the petition no later than 28 days from the entry of this Order. The answer shall include the complete state-court record, organized and appropriately indexed, as required by Administrative Order 16-31.[1] The answer shall at a minimum, address the timeliness of the petition, state whether each claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses, if any, for each claim. *See* 28 U.S.C. § 2254(b)(1).

---

[1] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last visited Apr. 11, 2024).

When only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. When a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

It is **ORDERED** that the Clerk shall send a copy of Petitioner's amended § 2254 petition (ECF No. 11) and this Order to Respondent and the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4. The Clerk is **DIRECTED** to send a Consent to Magistrate Judge Form (AO 85 Form) to the parties.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within 28 days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the amended § 2254 petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 11, 2024