IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| HAROLD ALLEN VAUGHN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:23-cv-01036-STA-jay |
| KENNETH NELSON, | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS, DISMISSING § 2254 PETITION AS TIME-BARRED, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* petition under 28 U.S.C. § 2254 of Petitioner Harold Allen Vaughn, Tennessee Department of Correction prisoner number 557418, an inmate incarcerated at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. (ECF No. 1.) Respondent Warden has filed a motion to dismiss the petition as time barred. (ECF No. 19.) Petitioner filed a response to the motion (ECF No. 20), and Respondent filed a reply (ECF No. 22). For the reasons that follow, the Court **GRANTS** Respondent's Motion to Dismiss and **DISMISSES** the § 2254 petition because it is time barred.

## BACKGROUND

On October 15, 2015, a jury convicted Petitioner of attempted first-degree murder, aggravated assault, and especially aggravated robbery. (ECF No. 18-4 at PageID 629-630.) The trial court dismissed the especially aggravated kidnapping charge in Count Three. (ECF No. 18-1 at PageID 291.) The trial court merged the aggravated assault conviction in Count Two into the

attempted first-degree murder conviction in Count One and sentenced Petitioner to serve twenty-five years. (ECF No. 18-1 at PageID 290.) The trial court sentenced Petitioner to serve twenty-five years on the especially aggravated robbery conviction in Count Four and ordered that the two sentences run concurrently. (*Id.* at PageID 292.)

Petitioner appealed and the Tennessee Criminal Court of Appeals (the "TCCA") affirmed his convictions but remanded the case for entry of a separate judgment on Count Two to reflect that the Petitioner's aggravated assault conviction was merged with the attempted first-degree murder conviction in Count One. *State v. Vaughn*, 2016 WL 7102748, at *10. On November 17, 2017, the Tennessee Supreme Court granted Petitioner's *pro se* application for permission to appeal and remanded the case to the TCCA for reconsideration in light of the opinion in *State v. Henderson*, 531 S.W.3d 687 (Tenn. 2017). *State v. Vaughn*, No. W2016-00131-SC-R11-CD, 2017 Tenn. LEXIS 770 (Nov. 17, 2017). On remand, the TCCA vacated Petitioner's conviction for especially aggravated robbery, modified the conviction to aggravated robbery, and remanded the case to the trial court for a new sentencing hearing, entry of an amended judgment reflecting the modified conviction and sentence and for entry of corrected judgment forms on Counts One and Two as specified in its opinion. In all other respects, the judgments of the trial court were affirmed. *State v. Vaughn*, No. W2016-00131-CCA-R3-CD, 2018 Tenn. Crim. App. LEXIS 239 (Tenn. Crim. App. Mar. 29, 2018).

More than a year later, on October 15, 2019, Petitioner, through counsel, filed a petition for post-conviction relief, alleging, among other issues, several claims of ineffective assistance of trial counsel. (ECF No. 18-17 at PageID 940.) On October 31, 2019, the State filed a response and motion to dismiss arguing the petition should be dismissed as procedurally deficient because it was not signed and verified by Petitioner. (ECF No. 18-17 at PageID 948-953.) On February 14,

2

2020, the State filed an additional response and motion to dismiss again alleging the petition should be dismissed as procedurally deficient because it was not verified by Petitioner. (*Id.* at 954-959.) On December 7, 2020, Petitioner's counsel filed an amended petition for post-conviction relief verified by Petitioner. (*Id.* at 960-969.) On March 4, 2021, the post-conviction court, citing *Maxwell v. State*, 647 S.W.3d 593 (Tenn. 2019), found the original petition procedurally deficient and the amended petition untimely and dismissed the petition. (ECF No. 18-17 at PageID 970-973.)

The TCCA affirmed the judgment of the post-conviction court. *Vaughn v. State*, No. W2021-00354-CCA-R3-PC, 2022 Tenn. Crim. App. LEXIS 238, at *26 (Crim. App. May 23, 2022). On, July 18, 2022, Petitioner, through counsel, filed an application for permission to appeal to the Tennessee Supreme Court. (ECF No. 18-26.) On September 29, 2022, the Tennessee Supreme Court denied permission to appeal. *Vaughn v. State*, No. W2021-00354-SC-R11-PC, 2022 Tenn. LEXIS 400 (Sep. 29, 2022).

## **FEDERAL HABEAS PROCEEDINGS**

On February 27, 2023, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On June 16, 2023, the Court ordered Petitioner to file an amended petition. (ECF No. 7.) On August 4, 2023, Petitioner filed an Amended Petition for Writ of Habeas Corpus. (ECF No. 11.) On April 11, 2024, the Court ordered Respondent to file the state court record and respond to the amended petition. (ECF No. 14.) On May 9, 2024, Respondent filed the state court record. (ECF No. 18.) On June 7, 2024, Respondent filed a motion to dismiss the amended petition and a memorandum of law in support of the motion to dismiss. (ECF Nos. 19 & 19-1.) On June 17, 2024, Petitioner filed a timely response to the motion to dismiss and a request for evidentiary hearing. (ECF No. 20.) On July

3

16, 2024, Respondent filed a reply to Petitioner's response. (ECF No. 22.) Petitioner filed additional responses to Respondent's motion to dismiss on July 8, 2024 (ECF No. 21); July 29, 2024 (ECF No. 23); and August 13, 2024 (ECF No. 24).

## ANALYSIS

### I. Timeliness

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The § 2254 petition is untimely unless statutory or equitable tolling applies.

### A. Statutory Tolling

The one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The statutory tolling provision does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks and citation omitted).

4

1. **<u>Aggravated Robbery</u>**

The judgment on remand for aggravated robbery was entered on October 24, 2018. (ECF No. 18-29 at PageID 1272.) Under Tenn R. App. P. 4(a), this judgment became final on November 26, 2018.[1] *See State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003) ("The general rule in Tennessee is that a judgment becomes final thirty days after entry unless a timely notice of appeal or a specified post-trial motion is filed.") The federal limitations period began to run the next day, November 27, 2018, and ran until November 26, 2019. Petitioner filed the Petition for Writ of Habeas Corpus on February 27, 2023 (ECF No. 1), more than three years after the expiration of the statute of limitations.

Petitioner argues he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) (ECF No. 21 at PageID 1329, 1337). Respondent argues Petitioner is not entitled to statutory tolling and that, even assuming arguendo that Petitioner is entitled to statutory tolling, Petitioner's habeas corpus petition is untimely. (ECF No. 22 at PageID 1351.)

Petitioner filed his unverified Petition for Post-Conviction Relief on October 15, 2019. (ECF No. 18-17.) Petitioner argues that he filed a verified Amended Petition for Post-Conviction Relief adopting and incorporating the unverified petition and thereby satisfied Tenn. Code Ann. §40-30-104(e). (ECF No. 21 at PageID 1338.)

"[S]tate courts are the final authority on state law and federal courts must accept a state court's interpretation of its rules of practice." *Vroman*, 346 F.3d 598, 606 (quoting *Israfil v. Russell*, 276 F.3d 768, 771, 18 F. App'x 278 (6th Cir. 2001)). A petition is properly filed when

---

[1] The judgment would have been final thirty days following entry, on Friday, November 23, 2018, but this fell on a holiday, the Friday after Thanksgiving. *See* Tenn. Code Ann. §§ 4-4-105(a)(3) and 15-1-101. The judgment became final on Monday, November 26, 2018, the last day Petitioner could have filed a notice of appeal from the judgment. Tenn. R. App. P. 21(a).

"its delivery and acceptance are in compliance with the applicable laws and rules governing legal filings." *See Hardin v. Genovese*, No. 21-5867, 2023 WL 1992036, at *2 (6th Cir. Feb. 14, 2023) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Under Tennessee Code Annotated § 40-30-102, a petitioner may not file a post-conviction petition more than a year after the end of direct review of the judgment. A state postconviction petition rejected by a state court as untimely is not "properly filed" within the meaning of the tolling provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C.A. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U. S. 408 (2005). The TCCA found Petitioner's post-conviction petition untimely. Thus, the post-conviction was until and improperly filed. Petitioner is not entitled to statutory tolling of the limitations period.

### 2. Attempted First-Degree Murder

The judgment on Petitioner's attempted first-degree murder conviction became final on May 29, 2018.[2] Sixty-one days after the TCCA's March 29, 2018 order vacating Petitioner's conviction for especially aggravated robbery, modifying the conviction to aggravated robbery, remanding for a new sentencing hearing, entry of an amended judgment form and affirming the judgments of the trial court. *State v. Vaughn*, 2018 Tenn. Crim. App. LEXIS 239. The federal limitations clock started the next day, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and ran for one year until it expired on May 29, 2019. Petitioner's habeas petition was filed on February 27, 2023, more than three years after the statute of limitations expired.

As discussed *supra*, Petitioner is not entitled to statutory tolling of the limitations period.

---

[2] An application for permission to appeal is due sixty days after the intermediate appellate court decision from which an appeal is sought. Tenn. R. App. P. 11(b). The sixtieth day fell on Monday, May 28, 2028, which was Memorial Day. So, Petitioner had until Tuesday, May 29, 2018, to file an application for permission to appeal. Tenn. R. App. P. 21(a); Tenn. Code Ann. § 15-1-101.

*See Vroman*, 346 F.3d at 602.

### B. <u>Equitable Tolling</u>

The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace*, 544 U.S. at 418). The doctrine of equitable tolling should be applied only "sparingly." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The petitioner carries the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner has failed to show how his post-conviction attorney's error in filing an unverified petition for post-conviction relief is an extraordinary circumstance that prevented the timely filing of his habeas petition. *See Holland*, 560 U.S. 631, 651-52 (stating that "a garden variety claim of excusable neglect," such as a lawyer's mistake calculating a filing deadline, does not warrant equitable tolling). "The Supreme Court has held that serious instances of attorney misconduct may rise to the level of an extraordinary circumstance would justify equitable tolling. *Id.*

The Supreme Court found an extraordinary circumstance entitled to equitable tolling for an untimely habeas petition when an attorney had abandoned representation of the petitioner without the petitioner's knowledge. *Maples v. Thomas*, 565 U.S. 266, 289, 132 S. Ct. 912, 927, 181 L.Ed.2d 807, 827 (2012). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336-37, 127 S. Ct. 1079, 1085, 166 L.Ed.2d 924, 933 (2007).

The Sixth Circuit found that cocaine use by a petitioner's attorney that impacted the

7

attorney's performance could potentially amount to an extraordinary circumstance warranting equitable tolling.  *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010).  The Sixth Circuit found errors by post-conviction counsel in the calculation of the statute of limitations insufficient to warrant equitable tolling for an untimely habeas petition.  *Berkley v. Brun*, No. 23-5866, 2024 U.S. App. LEXIS 7161, at *2 (6th Cir. Mar. 26, 2024).  Petitioner has not alleged a serious instance of attorney misconduct that led to the late filing of his petition.

Petitioner has not shown diligence in pursuing his federal rights.  The State's first motion to dismiss Petitioner's unverified post-conviction petition was filed on October 31, 2019.  Petitioner was not diligent in ensuring that the state post-conviction petition was verified.  Further, Petitioner could have filed his federal habeas petition during the pendency of his state post-conviction proceedings.  Instead, Petitioner filed his federal habeas petition nearly two years after the post-conviction court deemed his petition untimely filed.

Petitioner does not argue that he is actually innocent of his state court convictions.  (*See* ECF Nos. 11, 20 & 21.)  Thus, Petitioner is not entitled to equitable tolling of the limitations period based on actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that § 2244(d)(1)'s limitations period may be "overcome" through a "gateway" claim of actual innocence).

Petitioner has failed to show that he is entitled to equitable tolling of the limitations period.

## **CONCLUSION**

Petitioner's § 2254 Petition is time-barred, and he is not entitled to statutory or equitable tolling.  The Court **GRANTS** Respondent's Motion to Dismiss and **DISMISSES** the § 2254 petition **WITH PREJUDICE** as time-barred.  The Court will enter judgment for Respondent.

## **APPELLATE ISSUES**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a petition is denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, reasonable jurists could not debate the correctness of the Court's decision to dismiss the § 2254 petition on the grounds that the claim raised is time barred. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith,

or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[3]

    **IT IS SO ORDERED.**

                                                                                 s/ S. Thomas Anderson
                                                                               S. Thomas Anderson
                                                                               UNITED STATES DISTRICT JUDGE

                                                                               Date:  January 30, 2025

---

[3] If Petitioner files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).